UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL GRESHAM,

            Plaintiff,                      Case No. 1:15-cv-1066

v.                                              Honorable Robert J. Jonker

CHRISTIAN CLUTE et al.,

            Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's amended complaint for failure to state a claim against Defendants Lewis and Becher. The Court will serve the amended complaint against Defendants Clute, Barber, Thurlby, Miniard, McLeod, Fandrick, Gregory and Deschroces.

**Discussion**

I. Factual allegations

Plaintiff Michael Gresham presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF).  He sues Michigan State Police Detective Christian Clute and the following ICF officials:  Inspector Steve Barber; Prison Counselor Lyod Thurlby; Resident Unit Manager Gary Miniard; Correctional Officers Peri McLeod, (unknown) Fandrick, and (unknown) Gregory; Grievance Coordinators Clarice Lewis and L. Becher; and Sergeant Deschroces.

According to the amended complaint, Plaintiff was visited by Defendants Clute and Barber about a violent prison gang member, Willie Clemons.  Plaintiff had written to Kent County Circuit Judges Dennis Lieber and Mark Trusock, warning them of Clemons' attempts to kill Judge Lieber and other state and government officials.  Plaintiff explained to Clute and Barber that Clemons was very dangerous and was out to kill Plaintiff because other staff members previously had told Clemons that Plaintiff was a government informant.  Plaintiff requested protective custody.  Both Clute and Barber refused to protect Plaintiff, despite the known risk, in violation of the Eighth Amendment.

As Plaintiff was escorted back to his cell, he saw Defendants McLeod, Deschroces, Fandrick and Gregory go to Clemons' cell, and he heard them tell Clemons that Plaintiff was a snitch who had informed the state police on Clemons.  Later, Defendants Thurlby and Miniard also went to Clemons' cell and told Clemons that Plaintiff was a snitch who had informed the state police about Clemons.  Plaintiff yelled to Defendants Thurlby and Miniard that they were endangering his life, and he asked for protection.  Thurlby and Miniard responded, "[W]e ain't protecting you deal

with it." Plaintiff contends that Defendants McLeod, Deschroces, Fandrick, Gregory, Thurlby and Miniard have violated and continue to violate the Eighth Amendment by failing to protect him and placing his life in danger. He also alleges that these Defendants acted and conspired to act in retaliation for the grievances and lawsuits Plaintiff had filed against them and their colleagues. Finally, Plaintiff contends that Defendants Becher and Lewis violated his Eighth Amendment rights when they failed to take action on his kites and grievances about the other Defendants' conduct.

For relief, Plaintiff seeks $20 million in compensatory and punitive damages, together with injunctions transferring Plaintiff to another prison and awarding a contract to various non-profit organizations to provide counsel.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,

550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to make specific factual allegations against Defendants Lewis and Becher, other than his claim that they failed to adequately respond to his grievances. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor

denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Lewis and Becher engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Lewis and Becher will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the amended complaint against Defendants Clute, Barber, Thurlby, Miniard, McLeod, Fandrick, Gregory and Deschroces.

An Order consistent with this Opinion will be entered.


Dated: March 14, 2016          /s/ Robert J. Jonker
                               ROBERT J. JONKER
                               CHIEF UNITED STATES DISTRICT JUDGE