UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GRESHAM,   )
# 272603,          )
                   )
       Plaintiff,  )    Case No. 1:15-cv-1066
                   )
v.                 )    Honorable Robert J. Jonker
                   )
CHRISTIAN CLUTE, et al., )
                   )
       Defendants. )
_____)

**REPORT AND RECOMMENDATION**

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. Plaintiff is an inmate at the Marquette Branch Prison. On October 13, 2015, plaintiff filed this lawsuit regarding conditions of his confinement on September 1, 2015, at the Ionia Correctional Facility. On February 29, 2016, plaintiff filed his amended complaint. (ECF No. 11).

The defendants are Michigan State Police Detective Christian Clute and the following employees of the Michigan Department of Corrections: Inspector Steve Barber, Prison Counselor Lloyd Thurlby, Resident Unit Manager (RUM) Gary Miniard, Corrections Officers Peri McLeod, (unknown) Frandrick, (unknown) Gregory, and Sergeant Deschroces. Plaintiff alleges that all defendants were deliberately indifferent to the risk that he would be assaulted in violation of his rights

under the Eighth Amendment's Cruel and Unusual Punishments Clause.[1] Plaintiff sues defendants in their individual and official capacities and seeks injunctive relief and damages. (ECF No. 11, PageID.44-45).

The matter is now before the Court on defendants' motion for summary judgment based on the affirmative defense provided by 42 U.S.C. § 1997e(a). (ECF No. 37). Plaintiff opposes the motion.[2] (ECF No. 31). For the reasons set forth herein, I recommend that defendants' motion for summary judgement (ECF No. 37) be granted and that judgment be entered dismissing plaintiff's claims against defendants without prejudice. Alternatively, I recommend that the Court revisit its initial determination that this lawsuit falls within the exception to the "three-strikes" bar of 28 U.S.C. § 1915(g), and in light of plaintiff's persistent litigation abuses, that the portion of the Court's order permitting plaintiff to proceed under the exception to the three-strikes bar (ECF No. 4 at PageID.24) be vacated and that this lawsuit be dismissed without prejudice. Under either alternative, I recommend that all the

---

[1] All other claims have been dismissed. (ECF No. 13, 14).

[2] On March 1, 2017, the Court dismissed defendants' earlier motion for summary judgment without prejudice because defendants failed to comply with W.D. MICH. LCIVR 7.1(d). Days later, defendants re-filed their motion, this time in compliance with Rule 7.1(d). On March 9, 2017, the Court entered an order advising plaintiff that it would consider his response to defendants' earlier motion (ECF No. 31) as his response to this motion. The order established March 24, 2017, as plaintiff's deadline to supplement his response and advised all parties that on March 25, 2017, defendants' motion for summary judgment would be considered ready for decision. (ECF No 40). Plaintiff elected not to supplement his response to defendants' motion.

prefiling requirements in effect be enforced if plaintiff attempts to re-file any of the claims he has raised in this lawsuit.

## Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence

of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012); *see also Scadden v. Werner*, 677 F. App'x 996. 1001 (6th Cir. Jan. 27, 2017). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].' " *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 565 (6th Cir. 2016).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation and quotation omitted).

The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and " 'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.' " *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

### The Failure to Exhaust Remedies Affirmative Defense Standards

Defendants have asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 "or any other Federal law" must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734. "This requirement is a strong one. To further the purposes behind the [Prison Litigation Reform Act (PLRA)], exhaustion is required even if the prisoner subjectively believes

the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.,* 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendant to show that plaintiff failed to properly exhaust his administrative remedies. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a section 1983 action in federal court. 548 U.S. at 90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *see* 42 U.S.C. § 1997e(a).

-6-

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures.[3]

The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure."  *Napier*, 636 F.3d at 224.  An argument that it would have been futile to file a grievance does not suffice.  Assertions of futility do not excuse plaintiff from the exhaustion requirement.  *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

### Proposed Findings of Fact

The following facts are beyond genuine issue.  Plaintiff is an inmate held in the custody of the Michigan Department of Corrections (MDOC) on criminal convictions.  He is currently an inmate at the Marquette Branch Prison.  On September 1, 2015, plaintiff was an inmate at the Ionia Correctional Facility.

---

[3] A copy of the policy directive is found in the record.  *See* ECF No.38-2 at PageID.148-54.

Plaintiff filed this lawsuit on October 13, 2015.  (ECF No. 1).  He did not file any grievance corresponding to his claims against defendants and pursue such a grievance through a Step III decision before filing this lawsuit.  (ECF No. 38-3 at PageID.156-64).

## Discussion

I.   **Summary Judgment**

Defendants have raised the affirmative defense that plaintiff did not properly exhaust his administrative remedies against them as required by 42 U.S.C. § 1997e(a).   Exhaustion is mandatory.   *Woodford*, 548 U.S. at 85.   "[N]o unexhausted claim may be considered."   *Jones v. Bock*, 549 U.S. at 220.

I find that plaintiff did not properly exhaust his claims against defendants before filing this lawsuit.  The arguments in plaintiff's brief are not evidence.  *See Duha v. Agrium, Inc.*, 488 F.3d 867, 879 (6th Cir. 2016).  There is no evidence that plaintiff's purported grievance (ECF No. 31-1, PageID.116) was ever filed, much less pursued appeals through a Step III decision before plaintiff filed his complaint.  At the summary judgment stage of proceedings, plaintiff could not rest on the mere allegations of his pleading and arguments in his brief.  He was required to come forward with evidence that the MDOC's grievance appeal process was not an available administrative remedy.

## II.     Abuse of *In Forma Pauperis* Privilege

Should the Court not adopt my recommendation to grant defendants' motion for summary judgment, I recommend that the Court dismiss this lawsuit under the "three-strikes" bar, 28 U.S.C. § 1915(g).

Plaintiff has a history of filing abusive lawsuits, and he has long been barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g).  In this instance, I permitted plaintiff to proceed under the "imminent danger of serious physical injury" exception provided under 28 U.S.C. § 1915(g).  (Order to Proceed *In Forma Pauperis* at 1 n.1, ECF No. 4, PageID.24).  Upon review, I recommend that Court rescind the order allowing plaintiff to proceed under the exception be revoked, and that this lawsuit be dismissed without prejudice.  *See, e.g.*, *Gresham v. Stewart*, No. 13-cv-10189, 2017 WL 75967 (E.D. Mich. Jan. 9, 2017).

It is not necessary to catalogue plaintiff's abusive lawsuits and the various strategies that he has employed to avoid the three-strikes rule because they are provided elsewhere, *see Gresham v. Scheiber*, No. 1:16-cv-394, 2017 WL 908330, at *2-6 (W.D. Mich. Feb. 8, 2017), and they are incorporated herein by reference. Plaintiff's abuses have forced the court to take extraordinary measures such as imposing significant additional prefiling restrictions.  *See Gresham v. Washington*, 1:15-cv-1067, 2016 WL 81696, at *9-11 (W.D. Mich. Jan. 6, 2016).   For example, plaintiff is precluded from filing any complaint in this Court arising out of more than one transaction, joining his claims with any other plaintiff, or exceeding ten pages in

length. *See Gresham v. Smith*, No. 1:16-cv-1402, 2017 WL 33567, at *3 (W.D. Mich. Jan. 4, 2017).

Judge Gershwin A. Drain of the United States District Court for the Eastern District of Michigan recently revoked an order that had allowed plaintiff to proceed under the imminent danger of serious physical injury exception and dismissed plaintiff's lawsuit. *Gresham v. Stewart*, 2017 WL 75967, at * 2. Judge Drain observed:

> Plaintiff suffers from several mental health disorders, which explains the fantastical and delusional nature of Plaintiff's allegations to this Court. The record further shows that Plaintiff does not comprehend that he suffers from disorders of the mind and frequently refuses medication. Simply put, Plaintiff's allegations of imminent danger were, and continue to be, delusional and not based in reality.

*Id.*

It appears that plaintiff should not have been allowed to process under the imminent danger exception. Accordingly, should the Court reject my recommendation to grant defendants' motion for summary judgment, I recommend that the Court revoke my earlier order (ECF No. 4, PageID.24) and dismiss this lawsuit without prejudice.

### **Recommended Disposition**

For the foregoing reasons, I recommend that defendant's motion for summary judgement (ECF No. 37) be granted and that judgment be entered dismissing plaintiff's claims against defendants without prejudice. Alternatively, I recommend that my initial determination that this matter falls within the exception be revisited,

and in light of plaintiff's persistent litigation abuses, that the order allowing plaintiff to proceed under the exception be revoked, and that this lawsuit be dismissed without prejudice. Under either alternative, I recommend that all the prefiling requirements in effect be enforced if plaintiff attempts to re-file any of the claims he has raised in this lawsuit.

Dated: November 5, 2017  /s/  Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).