UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GRESHAM,

        Plaintiff,

CASE NO. 1:15-CV-1066

v.

HON. ROBERT J. JONKER

CHRISTIAN CLUTE, *et al.*,

        Defendants.
_____/

**ORDER APPROVING AND ADOPTING
REPORT AND RECOMMENDATION**

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 41) and Plaintiff's Objections (ECF No. 42). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE, § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. The Court finds the Magistrate

Judge's Report and Recommendation, which recommends granting Defendants' motion for summary judgment based on lack of exhaustion (ECF No. 37), factually sound and legally correct.[1]

In his Objections, Plaintiff reiterates his earlier assertion (ECF No. 31) that he filed a Step I grievance and that the Grievance Coordinator failed to answer the Step I grievance. (ECF No. 42, PageID.178.) Plaintiff states that he requested an answer to the Step I grievance and a Step II grievance form, received neither, and so was unable to proceed to Step III. This argument is unavailing. The record evidence reflects that Plaintiff filed a Step I grievance (ECF No. 31-1, PageID.116), but failed to exhaust by pursuing his grievance through Step III (ECF No. 38-3). The Report and Recommendation accurately points out that there is no record evidence that the MDOC's grievance appeal process was not an available administrative remedy. Moreover, the applicable MDOC Policy Directive explicitly provides a means of exhaustion under precisely the circumstances Plaintiff says prevented him from exhausting:

> If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. Mich. Dep't of Corr. Policy Directive 03.02.130 ¶BB. If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. *Id.* at ¶DD. The Step III grievance must be submitted within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.*

There is no record evidence that Plaintiff followed the process available "if no response was received." *Id.* Plaintiff's argument that it was futile for him to pursue the grievance process to its conclusion does not change the analysis. *See Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before

---

[1] The Magistrate Judge recommends, in the alternative, that the Court revisit its initial determination that this lawsuit falls within the exception to the "three-strikes" rule under 28 U.S.C. §1915(g) and dismiss the lawsuit with prejudice. The Court need not address this alternative recommendation and makes no ruling on it in this Order.

completion and claim that he has exhausted his remedies or that it is futile for him to do so . . . ."); *Booth v. Churner*, 532 U.S. 731, n. 6 (2001) ("[W]e will not read futility or other statutory exceptions into statutory exhaustion requirements where Congress has provided otherwise."). The Magistrate Judge properly concluded that Defendants Clute, Barber, Thurlby, Miniard, McLeod, Fandrick, Gregory, and Deschroces are entitled to summary judgment based on failure to exhaust.

**ACCORDINGLY, IT IS ORDERED**:

1. The Report and Recommendation of the Magistrate Judge (ECF No. 41) is approved and adopted as the opinion of the Court.

2. Defendants' Clute, Barber, Thurlby, Miniard, McLeod, Fandrick, Gregory, and Deschroces's Motion for Summary Judgment based on failure to exhaust (ECF No. 37) is **GRANTED**. Plaintiff's claims against Defendants Clute, Barber, Thurlby, Miniard, McLeod, Fandrick, Gregory, and Deschroces are **DISMISSED WITHOUT PREJUDICE** based on failure to exhaust administrative remedies.

3. Plaintiff's Objections (ECF No. 42) are **OVERRULED**.

4. For the same reasons that the Court dismisses Plaintiff's claims, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)).


Dated:   March 13, 2018              /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     CHIEF UNITED STATES DISTRICT JUDGE